IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OTIS BENNETT**                                                                 **PLAINTIFF**

v.                                                        CIVIL ACTION NO. 3:21-cv-535-DPJ-FKB

**STRUCTURAL STEEL SERVICES,**                                      **DEFENDANTS**
**INC.; STRUCTURAL STEEL**
**DETAILING, INC.; STRUCTURAL**
**STEEL HOLDING, INC.; AND JOHN**
**DOES I-III**

## COMPLAINT

COMES NOW the Plaintiff, Otis Bennett, by and through his attorney, and files this Complaint against the Defendants, and in support thereof would respectfully show unto the Court as follows:

1. The Plaintiff, Otis Bennett, is an adult resident citizen of Sumter County, Alabama.

2. Defendant, Structural Steel Services, Inc. is a domestic corporation doing business in the State of Mississippi.

3. Defendant, Structural Steel Detailing, Inc. is a domestic corporation doing business in the State of Mississippi.

4. Defendant, Structural Steel Holding, Inc. is a domestic corporation doing business in the State of Mississippi.

5. The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of Defendants named herein as John Does I-III are unknown to Plaintiff. Plaintiff consequently sues these Defendants by those fictitious names and will seek to amend this Complaint and state the true names and capacities of these Defendants when they have been ascertained.

6. Jurisdiction is proper due to complete diversity of citizenship of the named parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. On or about August 31, 2018, Plaintiff arrived at Structural Steel, located at 6210 St. Louis Street, Meridian, MS 39307.

8. This location was owned and/or operated by one or more of the Defendants set forth herein.

9. Plaintiff's status at this location was classified as an invitee, as he was present at this location in order to conduct business on the date in question and his presence there was on the express or implied invitation of the owner or occupant for their mutual advantage.

10. As an invitee, Plaintiff was owed a duty by Defendants to keep the premises in a reasonably safe condition and to warn Plaintiff of dangerous conditions that are not readily apparent.

11. Plaintiff was working for Mid-South Welding as a delivery technician in relation to hazmat material on the date of the incident.

12. Structural Steel had a business arrangement by which Mid-South Welding would deliver gas cylinders to Structural Steel for the latter's use in carrying out their business operations.

13. On the date in question, Plaintiff was invited to enter the premises in order to make deliveries of these cylinders.

14. As Plaintiff entered an area to deliver a gas cylinder, Plaintiff was walking, and his feet suddenly and without warning slipped from beneath him. That, in turn, caused him to fall and sustain significant injuries, including a dislocated foot and serious ankle fracture.

15. Unbeknownst to Plaintiff, the area that he was required to access in order to make the delivery on this date was covered in tiny metal shot-blast.

16. The shot-blast that was present were each only approximately two millimeters in diameter, making their presence on the ground unknown and not visible to Plaintiff.

17. The presence of this shot-blast spread across the ground near the gas cylinder area was what caused Plaintiff's fall and subsequent injuries.

18. An employee of one of the Defendants approached Plaintiff and apologized to him, stating that he had not yet taken the time to clean up the shot-blast that was present on the floor that day near the gas cylinder location.

19. The shot-blast on the floor constituted a dangerous condition.

20. The dangerous condition was created by Defendants and/or their employees.

21. The dangerous condition in question directly led to Plaintiff's fall and injuries.

22. Defendants and their employees knew of the dangerous condition, yet they failed to mitigate or otherwise take steps to correct the dangerous condition.

23. Defendants were negligent in permitting Plaintiff to enter the area in question when the dangerous condition was present.

24. Defendants were further negligent in failing to warn Plaintiff of the existence of the dangerous condition.

25. Plaintiff neither knew, nor could have known by the use of ordinary care, of the presence of the shot-blast on the floor on the date in question.

26. It was usual and customary that the areas where Plaintiff would have to access in order to make these deliveries would be free and clear of debris or other dangerous conditions, including shot-blasting material on the floor.

27. The shot-blast scattered across the floor constituted a deviation from the normal condition of the premises when Plaintiff made his routine deliveries.

28. At the time of the incident, the employee who was performing the shot-blasting at Structural Steel and/or any other individual that was tasked with cleaning up the shot

following shot-blasting activities were employees of one or more Defendants, making that Defendant or those Defendants vicariously liable for the negligence of its employee or employees.

29. The negligence of Defendants and their employees in causing this shot-blast to be present on the floor where Plaintiff was making his deliveries, as well as their failure to warn Plaintiff of the presence of this shot-blast, were the sole and proximate causes of the resulting fall and Plaintiff's injuries.

30. Due to those injuries suffered by Plaintiff, Plaintiff is entitled to recover from the Defendants the following damages:

   a. Past, present, and future medical and related expenses, including pre-judgment interest thereon;
   b. Physical pain and suffering, loss of enjoyment of life, and permanent impairment;
   c. Lost earning capacity;
   d. Lost wages, including pre-judgment interest thereon;
   e. All other damages arising from, or in any way associated with, the subject accident and resulting injuries to the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff seeks compensatory damages from the Defendants in the amount of Three Million Dollars ($3,000,000.00).

THIS, the 18th day of August, 2021.

PLAINTIFF, OTIS BENNETT

By: *[signature]*
R. KEVIN HAMILTON - MSB # 100886

R. Kevin Hamilton
THE HAMILTON LAW FIRM
911 26th Avenue
P.O. Box 1511
Meridian, MS 39302-1511
Phone: (601) 693-5548
Fax:     (601) 693-2949
khamilton@thehamiltonlawfirm.com
*Attorneys for Plaintiff*