IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OTIS BENNETT**                                                                                                    **PLAINTIFF**

And

**FIREMAN'S INSURANCE COMPANY OF WASHINGTON, D.C.**          **INTERVENOR**

**VS.**                                                                     **CIVIL ACTION NO. 3:21cv535-DPJ-FKB**

**STRUCTURAL STEEL SERVICES, INC.;**
**STRUCTURAL STEEL DETAILING, INC,;**
**STRUCTURAL STEEL HOLDING, INC.; AND**
**JOHN DOES I-III**                                                                                       **DEFENDANTS**

## ORDER APPROVING THIRD PARTY SETTLEMENT

THIS MATTER came before the Court for hearing on the Plaintiff, Otis Bennett's Petition for Court Approval of Third Party Settlement, pursuant to Miss. Code Ann. §71-3-71. Plaintiff was joined by Defendant/Third Party Structural Steel Services, Inc., and Employer/Carrier, Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. The Court, having considered the Petition, finds that the Petition is well-taken, and the relief requested therein shall be GRANTED.

IT IS, THEREFORE, ORDERED AND ADJUDGED:

1.      That on or about August 31, 2018, the Plaintiff, Otis Bennett, was employed by Mid-South Welding Supply, Inc., (sometimes referred to as "Employer"), who was insured for workers' compensation by Fireman's Insurance Group of Washington, D.C. ("Carrier'). Bennett has alleged that he was injured within the course and scope of his employment on said date after slipping and falling at the Structural Steel facility in Meridian, MS. Bennett has further alleged that Defendant Structural Steel was negligent in causing or contributing to the accident. This incident occurred in Lauderdale County, Mississippi.

2. That as a result of this incident, Bennett has alleged that he suffered certain personal injuries which necessitated medical treatment, as well as lost wages while he was out of work recovering from his injuries.

3. That Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C., having knowledge of the compensable status of Bennett's injuries on account of the above described incident have paid medical and indemnity benefits to and for Bennett's benefit in the total amount of $142,678.04, for which Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. have a statutory subrogation interest.

4. That on or about August 18, 2021, Bennett filed a Third Party Action against Structural Steel Services, Inc. for injuries and/or damages allegedly sustained in the above-described incident. Subsequently, and without making an admission of liability, the Defendant/Third Party reached a settlement of Bennett's claims in the amount of One Hundred Twenty Thousand and No/100th Dollars ($120,000.00), conditioned, *inter alia,* upon Bennett satisfying any and all liens and/or subrogation interests from the proceeds of the settlement. Third Party Defendant Structural Steel Services, Inc. and Employer/Carrier Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C., join in this Petition and the relief requested herein.

5. That as set forth above, Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C., have made certain payments to or for the benefit of Bennett resulting in a statutory subrogation interest in the amount of $142,678.04 and has agreed to accept $47,000.00 in full satisfaction of its statutory subrogation interest and in settlement of all claims of Bennett, Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C., against Structural Steel. Mid-South Welding Supply, Inc. and Fireman's Insurance

Company of Washington, D.C. have evidenced their agreement to this settlement by executing a Joinder, which is attached hereto.

6. That Bennett further represents that no Medicaid or Medicare benefits have been paid to him, or on his behalf, as a result of the above-described accidental injury. Bennett further represents that any future Medicaid, or Medicare benefits which may be received or paid to, or on his behalf, will not relate to treatment for any injuries sustained, or the consequences thereof, arising from the above-described accidental injuries. In any event, Bennett agrees to defend, indemnify, and hold harmless Structural Steel Services, Inc. for any claims which may be advanced as result of any Medicaid, or Medicare benefits having heretofore, or having hereafter, been paid to or on behalf of Bennett with reference to the above-described accidental injuries.

7. That subject to the approval of this Court, Plaintiff Bennett, Employer/Carrier Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. and the Defendant/Third Party, Structural Steel Services, Inc. have negotiated a Compromise Settlement of all claims as follows:

(a) the Defendant/Third Party has agreed to pay to Bennett, and Bennett has agreed to accept, the total payment of $120,000.00 from which the sum of $47,000.00 shall be paid to Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. in consideration of a full and final release and discharge of all claims of Bennett, Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. against Structural Steel on account of the above-described accident and all injuries allegedly sustained therein.

(b) Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. have agreed to accept $47,000.00 from the settlement proceeds and deliver a Full and Final Release and Discharge, releasing Defendant Structural Steel from any and all claims

of Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. for any medical payments, compensation benefits, and benefits of any and every nature which Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. has paid to or for the benefit of Bennett as a result of the above described accident injuries pursuant to the Mississippi Workers Compensation Act or otherwise;

      (c)   Bennett warrants and represents that any and all outstanding and/or future medical expenses are his responsibility and are not the responsibility of the Defendant/Third Party.

      (d)   Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. reserves and does not waive any rights it might be entitled to under any workers compensation law, statute and/or any other law or case that might be applicable to future credits on any medical, indemnity benefits and/or any other benefits that maybe paid or owed in this matter under Workers Compensation.  Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. reserves the right and does not waive its rights to take credit against any future benefits paid under medical, indemnity and/or any other benefits that maybe paid and/or owed in this matter under Workers compensation.

8.   That Bennett represents to the Court that his third-party claim against the Defendant, is of a doubtful nature and that the compromise and settlement herein proposed is in his best interests.  Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. also desires to settle <u>all</u> Workers' Compensation related subrogation claims against the Defendant/Third Party on the basis set forth above.

9.   That Bennett understands and agrees that any and all outstanding and/or future medical expenses are <u>not the responsibility of the Defendant/Third Party.</u>

IT IS, THEREFORE, ORDERED that:

1. The compromise settlement, the terms of which are set forth above, is hereby approved by the Court as being in Bennett's best interests.

2. That upon consummation of said settlement, Defendant/Third Party, Structural Steel Services, Inc. will be fully and forever acquitted and discharged from any and all past, present and future liability to Bennett on account of all personal injuries sustained by him in the afore-described accident.

3. That Bennett is hereby authorized and directed to execute a Full and Final Settlement Agreement and Release.

4. Furthermore, that upon consummation of said settlement, Defendant/Third Party, Structural Steel Services, Inc. be fully and forever acquitted and discharged from all liability to Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. for Workers' Compensation related subrogation rights on account of all accidental injuries heretofore sustained by Bennett while in the employment of Mid-South Welding Services, Inc.

5. That Mid-South Welding Supply, Inc. and Fireman's Insurance Company of Washington, D.C. are hereby authorized and directed to execute a Full and Final Settlement Agreement and Release.

SO ORDERED AND ADJUDGED, this the 21st day of September, 2022.

_____
U.S. DISTRICT COURT JUDGE

**AGREED AS TO FORM:**

*/s/ R. Kevin Hamilton*
R. Kevin Hamilton
MS Bar No. 100886
THE HAMILTON LAW FIRM
911 26th Avenue
Meridian, MS 39302
(601) 693-5548 Telephone
(601) 693-2949 Facsimile
khamilton@thehamiltonlawfirm.com
*Attorney for Plaintiff*


*/s/ Robert E. Briggs*
Robert E. Briggs, MS Bar No. 99527
WILLIAMS & ASSOCIATES
*Mailing Address*
Post Office Box 2903
Hartford, CT 06104-2903
*Physical Address*
10 Canebrake Blvd., Suite 220
Flowood, MS 39232
Telephone: (601) 572-3546
Facsimile:  (855) 848-0740
Email:   bbriggs@travelers.com
*Attorney for Third Party Defendant*


*/s/ M. Reed Martz*
M. Reed Martz, MS Bar No. 101443
FREELAND, MARTZ, PLLC
302 ENTERPRISE DRIVE, SUITE A
OXFORD, MS 38655
Telephone: (662) 234-1711
Email:   reed@freelandmartz.com
*Attorney for Employer/Carrier*